1

2                                        **E-Filed 10/14/09**

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                              **SAN JOSE DIVISION**

11

| | |
|---|---|
| JEFF B. GRAVES and LYNN T. VO; | Case Number C 09-02666 JF (RS) |
| Plaintiffs, | ORDER[1] GRANTING MOTIONS TO DISMISS |
| v. | |
| DOWNEY SAVINGS AND LOAN ASSOCIATION, DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A., DSL SERVICE COMPANY, FCI LENDER SERVICES, INC., CEDAR MORTGAGE COMPANY, INC., MARGUERITE ANNE NOGOSEK, HAMID SARAYDARPOUR, AND DOES 1 through 20, inclusive; | [re:  document nos. 17, 18] |
| Defendants. | |

21                              **I. BACKGROUND**

22          This action arises out of a residential mortgage transaction.  Plaintiffs Jeff B. Graves and

23   Lynn T. Vo ("Plaintiffs") allege that in November 2004, Defendant Hamid Saraydarpour

24   ("Saraydarpour") approached them in his capacity as a loan officer for Defendant Cedar

25   Mortgage Company, Inc. ("Cedar"), and solicited them to refinance their residence located at

26   1862 Market Street, Santa Clara, California ("the Property").  FAC ¶ 20.  Allegedly,

27

28   ─────────────────────
          [1] This disposition is not designated for publication in the official reports.

1    Saraydarpour told Plaintiffs that he could arrange the "best deal" and the "best interest rates," *id.*

2    ¶ 22, and that he could refinance the loan if it ever were to become unaffordable. *Id.* ¶ 28.

3         Plaintiffs allege that they were able to document their income and that their FICO score

4    was approximately 720, entitling them to be classified as "prime" borrowers. *Id.* ¶ 23.  Plaintiffs

5    claim that they requested a fixed rate mortgage and that Saraydarpour assured them that the loan

6    he sold them was a fixed-rate mortgage. *Id.* ¶ 24.  Plaintiffs assert that Saraydarpour, contrary to

7    their request, sold them an adjustable rate mortgage with option payments capped at a rate of

8    eleven percent. *Id.*  Plaintiffs allege that Saraydarpour overstated their income on the loan

9    application without their knowledge or permission and that "Defendant underwriters" knew or

10   should have known that the information was inaccurate, but approved the loan anyway. *Id.*

11   Plaintiffs claim that Saraydarpour classified them as "sub-prime" borrowers and informed them

12   that the mortgage at issue in the instant case was the only mortgage loan program for which they

13   qualified. *Id.* at ¶ 26.  Plaintiffs allege that they were funneled improperly into a sub-prime

14   program to increase the commissions and fees payable to unspecified Defendants. *Id.*

15        Plaintiffs claim that they were not given a copy of any of the loan documents prior to

16   closing, permitted to review the documents, or provided more than a few minutes to sign them,

17   and that the notary instructed Plaintiffs to sign and initial the documents without any explanation

18   of their contents. *Id.*  ¶ 29.  Plaintiffs also allege that they never received the required copies of a

19   proper notice of cancellation. *Id.*  The FAC contains allegations that Defendants willfully

20   prevented Plaintiffs from receiving or reviewing the documents in order to hide the facts

21   surrounding their loan, and that Defendants continue to hide facts from Plaintiffs. *Id.* ¶ 30.

22        On December 23, 2004, Plaintiffs completed the loan on the Property, and the terms of

23   the loan were memorialized in a Promissory Note that was secured by a Deed of Trust.  The Deed

24   of Trust identified Defendant DSL Service Company ("DSL") as trustee and Defendant Downey

25   Savings and Loan Association, F.A. ("Downey")[2], as the Lender.  More than four years later, on

26   or about January 8, 2009, Defendant FCI Lender Services, Inc. ("FCI"), agent to DSL, sent

27

28        [2] U.S. Bank National Association is the Successor in Interest to the Federal Deposit
     Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A.

1  Plaintiffs a Notice of Default and Election.  Plaintiffs allege that they responded by mailing a

2  Qualified Written Request ("QWR") to Downey pursuant to the Real Estate Settlement

3  Procedures Act ("RESPA") on or about June 9, 2009, and that the QWR contained a demand to

4  rescind the loan under provisions of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et.

5  seq.  Plaintiffs claim that Downey "has yet to properly respond to this Request." *Id.* ¶ 32.  On or

6  about January 12, 2009, FCI filed a Notice of Default in Santa Clara County, California and on

7  April 16, 2009, FCI filed a Notice of Trustee's Sale.  *Id.* ¶¶ 42-43.  Plaintiffs allege that none of

8  the Defendants is a "person entitled to enforce" the security interest under the Note and Deed of

9  Trust and that they discovered Defendants' alleged misrepresentations and unlawful conduct only

10  within the past year. *Id.* ¶¶ 33, 49.

11  Plaintiffs filed their original complaint on June 16, 2009, asserting claims under TILA,

12  RESPA, and California law.  They filed the operative FAC on August 7, 2009 alleging claims

13  for:  (1) violations of TILA by Downey; (2) violations of California's Rosenthal Act, Cal. Civ.

14  Code § 1788 et seq. by Downey[3] and FCI; (3) negligence against all Defendants; (4) violations of

15  RESPA by Downey; (5) breach of fiduciary duty by Saraydarpour, Cedar, Marguerite Nogosek,

16  and Downey; (6) fraud by all Defendants; (7) violations of California's Unfair Competition Law

17  ("UCL"), Bus. & Prof. Code § 17200 *et seq.* by all Defendants; (8) breach of contract by

18  Saraydarpour, Nogosek, and Downey; (9) breach of the implied covenant of good faith and fair

19  dealing by Saraydarpour, Nogosek, and Downey; and (10) wrongful foreclosure against Downey,

20  FCI, and DSL.

21  All Defendants move to dismiss for failure to state a claim upon which relief can be

22  granted.  Downey, FCI, and DSL ("Lender Defendants") move in the alternative for a more

23  definite statement, and Cedar, Saraydarpour, and Nogosek ("Loan Broker Defendants") move

24  additionally to dismiss for lack of subject matter jurisdiction.

**II. MOTION TO DISMISS**

26  **A. Legal Standard**

28  [3] In their opposition papers, Plaintiffs agree to dismiss their Rosenthal Act claim against U.S. Bank without prejudice. Opp. Mot. to Lender Defendants at 10, n. 3.

1        1. Rule 12(b)(6) Motion to Dismiss

2        "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

3    cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

4    *Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir.2008).  For purposes of a motion

5    to dismiss, "all allegations of material fact are taken as true and construed in the light most

6    favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th

7    Cir.1996).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does

8    not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle

9    [ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

10   elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555,

11   127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted).  Leave to amend must be

12   granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas*

13   *v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir.1995).

14       1. Rule 12(b)(1) Motion to Dismiss

15        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the

16   jurisdiction of the court over the subject matter of the complaint.  Fed. R. Civ. P. 12(b)(1).  It is a

17   fundamental precept that federal courts are courts of limited jurisdiction.  Limits upon federal

18   jurisdiction must not be disregarded or evaded.  *Owen Equipment & Erection Co. v. Kroger,* 437

19   U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).  The plaintiff has the burden to establish

20   that subject matter jurisdiction is proper.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375,

21   377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).  This burden, at the pleading stage, must be met by

22   pleading sufficient allegations to show a proper basis for the court to assert subject matter

23   jurisdiction over the action.  *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56

24   S.Ct. 780, 80 L.Ed. 1135 (1936); Fed.R.Civ.P. 8(a)(1).  When a defendant challenges jurisdiction

25   "facially," all material allegations in the complaint are assumed true, and the question for the

26   court is whether the lack of federal jurisdiction appears from the face of the pleading itself.

27   *Thornhill Publishing Co. v. General Telephone Electronics,* 594 F.2d 730, 733 (9th Cir.1979).

28       **B. Documents Considered by the Court**

4

1   The Court may consider, under the incorporation by reference doctrine, documents that

2   are connected to the loan transaction at issue as to which both Plaintiffs and Defendants make

3   unopposed requests for judicial notice.  For purposes of a motion to dismiss under Rule 12(b)(6),

4   the pleadings are deemed to include "documents whose contents are alleged in a complaint and

5   whose authenticity no party questions, but which are not physically attached to the pleading."

6   *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *cert. denied*, overruled on other grounds

7   by *Galbraith v. City of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002); *see also In re Stac Elcs. Sec.*

8   *Litig.*, 89 F. 3d 1399, 1405 n.4 (9th Cir. 1996) (noting that complete copies of documents whose

9   contents are alleged in the complaint may be considered in connection with a motion to dismiss

10   pursuant to Fed. R. Civ. P. 12(b)(6)).

11   **C. TILA Claims**[4]

12   **1.   Statute of limitations**

13   Plaintiffs seek both money damages, for which the applicable limitations period is one

14   year, *see* 15 U.S.C. § 1640(e), and rescission, for which the limitations period is three years, *see*

15   15 U.S.C. § 1635(f).  The FAC alleges that the loan transaction at issue in this action was

16   consummated on December 23, 2004 and that the mortgage was sold at a foreclosure sale on

17   June 12, 2009.  FAC ¶ 31,  D. RJN, Ex. A.  Plaintiffs did not file their original complaint until

18   June 16, 2009, four and a half years after the loan transaction was consummated.  It is undisputed

19   that both the one-year time limit of §1640(e) and three-year time limit of §1635(f) have expired.

20   Plaintiffs claim, however, that "the doctrine of equitable tolling suspends the [one-year]

21   statute of limitations until borrowers have or had reasonable opportunity to discover the fraud or

22   the non-disclosures that form the basis of a TILA action." Opp. Mot. to Lender Defendants at 8.

23   The Ninth Circuit has held that equitable tolling of the TILA limitations period is authorized in

24   appropriate circumstances.  *King*, 784 F.2d at 915.  Such circumstances exist where "a

25

26   [4] Lender Defendants contend that the Court should not consider Plaintiffs' papers in
27   opposition to their motion to dismiss as the papers were filed three days late and exceed the page
    limit by seven pages.  The Court will consider the opposition papers because it does not appear
28   that Lender Defendants were prejudiced by Plaintiffs' noncompliance with the Court's local
    rules.  The Court directs Plaintiffs to comply with the local rules in future filings.

5

1   reasonable plaintiff would not have known of the existence of a possible claim within the

2   limitations period." *Santa Maria v. Pac Bell*, 202 F.3d 1170, 1178 (9th Cir. 2002).  In such a

3   case, the limitations period may be extended "until the borrower discovers or had reasonable

4   opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."

5   *King*, 784 F.2d at 915.  A motion to dismiss on statute of limitations grounds should be granted

6   "only if the assertions of the complaint, read with the required liberality, would not permit the

7   plaintiff to prove that the statute was tolled." *Plascencia v. Lending 1st*, 583 F. Supp. 2d 1090,

8   1097 (N.D. Cal. 2008) (quoting *Durning v. First Boston Corp.*, 815 F.2d 1265, 1278 (9th Cir.

9   1987)).

10        The FAC fails to meet even this liberal pleading standard.  Plaintiffs' sole assertion

11   regarding when they *actually* discovered Defendants' alleged fraud or non-disclosures is that "the

12   misrepresentations and allegations stated herein were all discovered within the past year such that

13   any applicable statute of limitations are extended or should be extended pursuant to the equitable

14   tolling doctrine or other equitable principles." FAC ¶ 49.  This allegation is merely a

15   "conclusion[]" and "formulaic recitation" of the legal standard and contains no facts indicating

16   how or when in the last year Plaintiffs discovered the alleged fraud or nondisclosures or what

17   Plaintiffs learned that they had not known previously.  *Twombly*, 550 U.S. at 555, *see also*

18   *Plascencia,* 583 F. Supp. 2d at 1097.

19        Plaintiffs also claim that the three-year limitations period is inapplicable to their TILA

20   rescission claim because Chapter 15 U.S.C. 1635(a) grants consumers "the right to rescind the

21   transaction until midnight of the third business day following the consummation of the

22   transaction or the delivery of information and rescission forms required under this section

23   together with a statement containing the material disclosures required under this subchapter,

24   whichever is later..." Opp. Mot. to Lender Defendants at 9-10.  Plaintiffs point out that

25   Regulation Z of the Federal Reserve Board provides that Notice of the Right to Rescind "shall

26   clearly and conspicuously disclose...the date the rescission period expires."  12 C.F.R.

27   §226.23(b)(1).  *Id.*

28        However, unlike, §1640(e), Chapter 15 U.S.C. § 1635(f) is not subject to equitable

6

tolling.  The statute states that the "right of rescission shall expire three years after the date of

consummation of the transaction or upon the sale of the property, whichever occurs first,

*notwithstanding the fact that the information and forms required under this section or any other*

*disclosures required under this part have not been delivered to the obligor*."[5]  15 U.S.C. §

1635(f) (emphasis supplied).  The Ninth Circuit has recognized that "§ 1635 is a statute of

repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside

the three year limitation period."  *See Miguel v. Country Funding Corp*., 309 F.3d 1161, 1164

(9th Cir. 2002).  Consummation of the transaction occurs at "the time that a consumer becomes

contractually obligated on a credit transaction."  12 C.F.R. § 226.2(a)(13).  It is undisputed that

the loan transaction at issue here was consummated not later than December 23, 2004, when the

Deed of Trust was recorded in the official records of the Santa Clara County Recorder.  P. RJN

as to Lender Defendants, Ex. 2.  Plaintiffs' rescission claim became untimely on December 23,

2007, nearly one and a half years before the instant action was filed.  Moreover, the Property was

sold on June 12, 2009, thereby extinguishing any remaining right to rescission under 15 U.S.C.

1635(f).  *See* D. RJN, Ex. A.

### 2. TILA Disclosure Claims

Lender Defendants contend that Plaintiffs' TILA claims, even if not time-barred or

extinguished by the sale of the Property, are pled so generally and in such conclusory fashion that

they are left "guessing at the nature of the conduct" allegedly giving rise to a TILA violation.

Lender Defendants MTD at 7.  Under TILA, a creditor must provide several distinct disclosures

to a borrower.  *See, e.g.*, 15 U.S.C. §§ 1635 (disclosure of right to rescind), 1637 (disclosure of

annual percentage rate and other information in connection with open end credit plan), 1638

(disclosure of amount financed and other information in connection with transaction other than

open end credit plan), 1639 (disclosure of annual percentage rate and other information in

connection with certain types of mortgage).  A borrower may bring an action for violation of any

---

[5] Plaintiffs actually concede that the right to rescind expires in three years after
consummation or upon transfer of all of the consumer interests in the property or upon sale of the
property whichever occurs first in a footnote. Opp. Mot. to Lender Defendants at 10. n. 3.

1  of these disclosure obligations.  15 U.S.C. § 1640.  While Plaintiffs claim specifically that

2  Downey failed to disclose "the Notice of Right to Cancel stating the date that the rescission

3  period expires," FAC ¶39, the FAC alleges only generally the remaining alleged violations by

4  Downey and fails to explain in any detail the deficiencies of the disclosures that were provided.

5  Id. at ¶ 59.  These allegations do not provide Downey with fair notice as to the nature of

6  Plaintiffs' TILA claim.

7         **D. RESPA claim**

8         Plaintiffs allege that Downey violated RESPA by: (1) "failing to correctly and accurately

9  comply with the disclosure requirements," FAC ¶ 83; (2) "failing and refusing to provide a

10 proper written explanation or response to Plaintiffs' QWR" pursuant to 12 U.S.C. §2605(e)(2),

11 FAC ¶ 84; and (3) "engag[ing] in a pattern of non-compliance with the requirements of the

12 mortgage servicer provisions of RESPA as set forth in 12 U.S.C. §2605."  FAC ¶ 85.  Defendants

13 argue that Plaintiffs' RESPA claim should be dismissed because it is time-barred, moot, and

14 insufficiently pled.

15        **1. Statute of Limitations**

16        The Court agrees that applying "the longest statute of limitations available under

17 RESPA," Plaintiffs' RESPA disclosure claims are time-barred.  *Vrabel v. JP Morgan Chase*

18 *Bank, N.A.* No. C-C-09-1278 MMC 2009 WL 2421856 (N.D. Cal. 2009) (applying 12 U.S.C. §

19 2614's three-year statute of limitations to the assertion of a violation of RESPA disclosure

20 claim).  As with their TILA claims, Plaintiffs contend that they are entitled to equitable tolling,

21 but as with their TILA claims they allege no facts in support of this legal conclusion.  *See supra*

22 III.D. (concluding that Plaintiffs' FAC failed to plead how or when they learned of the alleged

23 fraud or nondisclosures and was merely a recitation of the legal standard for equitable tolling).

24        **2. Sufficiency**

25        Citing 12 U.S.C. § 2601, Plaintiffs acknowledge that the "only disclosures mandated

26 under RESPA at the time of closing are those pertaining to escrow costs."  Opp. Mot. to Lender

27 Defendants at 17.  Section 2601 does not give rise to a private right of action.  *See Sanborn v.*

28 *American Lending Network,* 506 F.Supp.2d 917, 922 (C.D. Utah 2007).  Even if a private right of

1    action did exist for nondisclosures under RESPA, the FAC fails to allege what escrow cost

2    disclosures Downey failed to make.

3                **3. Justiciability**

4            Plaintiffs also allege that Downey "fail[ed] and refus[ed] to provide a proper written

5    explanation or response to Plaintiffs' QWR" pursuant to 12 U.S.C. §2605(e)(2).  FAC ¶ 84.

6    Plaintiffs allege that they mailed a QWR to Downey on June 9, 2009.  FAC ¶ 32.  Based on their

7    own allegations, it thus appears that Plaintiffs' claim based on the QWR was not yet ripe at the

8    time the FAC was filed, as the sixty-day response period to which Defendants were entitled had

9    not elapsed.[6]  12 U.S.C. § 2605(e)(2) (obligating a servicer to provide a written explanation

10   "[n]ot later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the

11   receipt from any borrower of any qualified written request").  Plaintiffs argue in their opposition

12   papers that Defendants also failed to acknowledge receipt of the QWR within twenty days as

13   required.  12 U.S.C. § 2605(e)(1).  However, there are no allegations to this effect in the FAC.

14   This omission likely is curable by amendment.

15       **E.  Supplemental jurisdiction**

16           Plaintiffs' TILA and RESPA claims provide the sole basis for federal subject matter

17   jurisdiction.[7]  Because it remains unclear whether Plaintiffs have any viable federal claims, the

18   _____

19       [6]  The FAC was filed on August 7, 2009.  Counting from the date Plaintiffs mailed the
     QWR, the sixty day period (excluding legal public holidays, Saturdays, and Sundays) lapsed on
20   September 2, 2009.

21       [7]  Loan Broker Defendants move to dismiss for lack of subject matter jurisdiction because
22   Plaintiffs fail to state a claim based upon a federal question against them in particular.  While
     Plaintiffs do allege only state claims against Loan Broker Defendants, these claims arise out of
23   the same residential mortgage transaction as those that are the subject of Plaintiffs' federal claims
     against Lender Defendants.  FAC ¶ 1 (asserting jurisdiction under 28 U.S.C. § 1367 based upon
24   the state claims arising out of the same controversy and sequence of events).  As long as
25   Plaintiffs' federal claims against Lender Defendants remain viable, this Court will maintain
     supplemental jurisdiction as to all state claims arising out of the same residential mortgage
26   transaction.  *Bahrampour v. Lamper*, 356 F.3d 969, 978 (9th Cir. 2004), citing *Trs. of the Constr.
27   Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d
     923, 925 (9th Cir.2003) (internal quotations and citations omitted) (holding that a "state law
28   claim is part of the same case or controversy when it shares a 'common nucleus of operative fact'
     with the federal claims and the state and federal claims would normally be tried together.");

                                          9

1  Court will defer its review of Plaintiffs' remaining state-law claims. *Wade v. Regional Credit*
2  *Ass'n,* 87 F.3d 1098, 1101 (9th Cir.1996) ( holding that "where a district court dismisses a federal
3  claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims
4  and dismiss them without prejudice.")

5  **G. Motion for a More Definite Statement**

6  Because it will grant Defendants' motions to dismiss with leave to amend, the Court
7  declines to address Lender Defendants' alternative motion for a more definite statement.

8  **IV. ORDER**

9  Good cause therefor appearing, Defendants' motions to dismiss are GRANTED.  Because
10  the FAC is Plaintiffs' first pleading that has been reviewed by the Court, and because it is not
11  entirely clear that at least some of the deficiencies of the FAC could not be cured by amendment,
12  Plaintiffs shall have leave to amend with the exception of Plaintiffs' TILA rescission claim, as to
13  which dismissal is without leave to amend.  Any amended complaint shall be filed within thirty
14  (30) days of the date this order is filed

16  **IT IS SO ORDERED.**

19  DATED: 10/14/09

_____
JEREMY FOGEL
United States District Judge

27  *Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1557-58 (9th
28  Cir.1994) (alteration in original) (internal quotations and citations omitted) (holding that a Court
should consider "the underlying objective of most sensibly accommodat[ing] the values of
economy, convenience, fairness and comity" in exercising supplemental jurisdiction).

Case No. C 09-02666 JF (RS)
ORDER GRANTING MOTION TO DISMISS
(JFLC1)

1

2

3   Copies of Order served on:

4

5   Eric M. Alderete     eric.alderete@usbank.com, jessica.vasquez1@usbank.com

6

7   Michael J.M. Brook     mbrook@lanahan.com, bwarner@lanahan.com

8

9   Molly Rachel Newland     mnewland@sheppardmullin.com

10

11   Sharonrose Cannistraci     sharonrose@cannistracilaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28